Okay, our first case this morning is case number 4120273, People v. Lagrone. For the appellant, we have Denise Ambrose for the affidavit. Gal Pizetsky. Farewell. Please proceed. I please the court and counsel. The trial court in this case found that the police officer, Detective Daly, properly advised the defendant of his Miranda rights, and that the inculpatory statements that he made were free of official coercion. But the reason he suppressed is because he said that there was absolutely no evidence that Daly elicited a direct acknowledgment from the defendant that he understood his Miranda rights, and that he waived them. And the court's decision did not take into account the decision in Tompkins, which I think... Well, did the court's decision take into account that the defendant testified and said he understood what Miranda rights were? Well, the court, I think, ignored that part of the testimony. I don't understand why the court would have ignored that. Well, sometimes a judge... You probably don't understand it either. A judge overlooks testimony, and the problem in this case is that there was one ground alleged for suppression, and that was that the defendant... Right, and kind of walk me through it. The state puts on the officer, correct? Right. The officer testifies and says that he apprises the defendant orally. And then the defense counsel puts on the defendant? I think the... Yes, the officer testified first, and then the defendant said, no, I never got my rights at any time. Okay, so then the question of whether he understood the Miranda rights comes up after the officer testifies, defendant testifies, and then in argument? Well, the first time that when the state is putting... Or, excuse me, when the officer is testifying, the prosecutor asks him, did he give any indication that he did not understand? And the police officer daily says no. So, this is... But she does not ask him the explicit question, what did he say, which is unfortunate because, you know, the police report is admitted for limited purposes only. Just to show that he actually gave the Miranda rights. How does that work? I'm sorry? When you say for limited purposes? Well, that's the reason the court... Well, that's... I mean, if the officer is testifying and they gave him the Miranda warnings, then what's the theory behind which... To rebut, I guess the court was willing to admit that report for purposes only of showing that he actually gave Miranda, but not the response. So, the state offered that as a prior consistent statement in writing or something? I don't know. It was admitted over a hearsay objection. I don't... I just... I don't know why the court... So, the state offered it, and the defendant objected, and the court... The court said it's coming in to rebut. I think the assertion in the motion that he was never given his Miranda rights. And so, I can't make fair use of what the state... The officer asked him directly, you know, do you understand your rights? And the defendant gave an explicit answer, and I can't make fair use of what he said. Well, I'm... I'm confused about the report coming in at all. Well, me too. Was the... Did the defendant argue at the hearing that the officer's testimony wasn't believable that he had given the Miranda warnings? Um... So, is this a prior consistent statement to rebut the claim, the recent fabrication by the officer? I don't... I don't know, because it could not... I don't think there was a claim that he fabricated. No, I was... So, even now you can't figure out the theory by which the state offered this? No, I really can't. Um... And... So, anyway, to follow up on Justice Studer's question, at some point then the defense attorney says, oh, by the way, Judge, you know, he didn't get a waiver from the defendant, so that's another reason why the... Not only a waiver, but the understanding part. They show that he understood, and therefore the Miranda... He didn't... The record doesn't show he waived his Miranda rights before speaking. And the state's attorney, having heard this now for the first time, says nothing. No, the state's attorney said, you know, I'm caught by... First of all, she says that you can have the implicit understanding from the circumstances as well as the implicit waiver. But, since she's surprised by this, you know, she pointed out that there was only one motion, or one ground alleged in the motion to suppress. How about letting me to call Daly back? Well, how about objecting to the defense raising a second ground to the motion on the spot? She did in... She pointed out that this had not been alleged in the motion to suppress. But the reason she asked is I want to then recall him, as opposed to, he objected to the courts considering the argument at all. Yes, and I guess she should have been a little more forceful. I think you referred to this kind of activity as a blunderbuss motion or argument, you know, that after the evidence is put in, that's not the time to decide, well, the evidence might show this or it might not show that, because the state has to know what's implicit. There can be a bevy of reasons to suppress a statement. What did the judge say in response? He said he would allow the officer, you know, limited testimony, whether he'd give it much weight, he didn't know. And the prosecutor then, unfortunately, she's asking the police officer, what did... Instead of asking him for the direct response, she said, did you memorialize this in your report? And defense counsel objects, and the court sustains the objection, and she doesn't follow up with, you know, what did he say to you? Which... You know, I can't... I can't use it, it's in the report, but... Did the defense argue that the record had to affirmatively show that the defendant said, I understand my rights? Yes, he said, you can't, well, he said you can't, you don't even have a nod of a head in this one. So he was, he intimated that there could be an implicit acknowledgment, but... You're telling us what the court said, though. I'm asking, what was the defense argument at the trial level? Did they say, judge, there hasn't been an adequate Miranda waiver here, because the state needs to show, affirmatively, that the defendant understood the rights which he had been explained to him, and only then could you show that his subsequent statements were made essentially knowing waiver of those rights. Was that the argument the defense made at the trial level? Yes, an argument. After the evidence is in. Did anyone cite the Berghias case? No. No, there's no reference to it. The court refers to Scott, which is a much older case, and Miranda has been eroded considerably. Berghias is really, pushes the envelope I'm glad to say, but, because there, you know, you have a guy who's interrogated for three hours. He has given a written rights waiver form. He refuses to sign it, which the Berghias court overlooks. It doesn't mention that. They must have mentioned it, because there it is in the decision, isn't it? Well, not in its analysis part. But in its factual background. Yes. And the officer also reads through the rights and has the defendant read one of the rights loud, but the defendant refuses to sign the waiver form, and they said that's good enough. That showed an understanding of his rights. And then he's silent for almost three hours, and they ask him a question, and he says yes, and that shows the waiver. What's the standard of review in this case? You know, I would have loved to have asked for a de novo, but I think the standard of review is against the manifest weight of the evidence. Well, would that be with regard to the historical facts as to what the court found happened? As to waiver, I think the case that I found, yes, that's the standard for whether the he waived his rights. It was a Brown case. But what about, as we take the facts as found by the court. But then the law is applied incorrectly. And is that de novo on applying the law? Yes, on the unreasonable application of the law. Well, the case law is pretty clear that the ultimate question is de novo, correct? Yes. And you're not disputing the factual findings made by the trial court based upon the evidence such as it was presented. I dispute the part where he says there was absolutely no evidence of understanding or waiver and that's from overlooking vital parts of the testimony, which was fragmented. I mean, you have the officer testifying. You may dispute the question why the court made that observation, but is it necessary, do we have to disagree with that observation to reverse the court? Disagree with the observation? Yes. You decided how the court said, there's no evidence at all that this guy understood what was going on. Well, I would think you would have to disagree with the fact Why is that? Because the state has the burden of showing assuming that this was a proper ground for the court to consider in the first place. The state has to show that there's the waiver by a preponderance of the evidence and then the burden shifts to the defendant and of course there was no evidence from the defendant whatsoever because his position was, I never got the Miranda rights to begin with. He did testify also, when they're given to me, I understand them. I know what they are. So, he added to the state's case there. Well, is there some reason why the trial court should not have considered his testimony, that he understood Miranda rights when he heard them? Absolutely not. I mean, that's why the court overlooked vital parts of the record and perhaps it's from the fragmented way that this came in that it's considered an argument on the motion to suppress and everybody is looking during this hearing on one ground only, thinking that the contested issue is whether or not it's Miranda or not and the court squares with our sides with the state on that issue. So then, that's why the prosecutor probably didn't elicit explicit evidence about the defendant's direct response. Well, with regard to forfeiture, which is what you're arguing, essentially, that can't, doesn't the state at the trial level have to specifically object? Well, I don't know. She said the words objection, but she did point out that... Well, I'm surprised. It's not the same thing as saying I object to the courts even considering this. Well, perhaps it's a more oblique way, but she did say that that was not one of the grounds alleged for suppression and that's the reason she was caught unaware and that's why she needed to recall the officer if the court was going to go ahead and consider this. She doesn't know if he's going to go ahead and consider it unless he objects first. It's beyond oblique to say, well, that wasn't brought up, but if I'm going to counter it, I need to bring this witness back. That's acquiescing to the introduction of the evidence, or the introduction of the theory. Well, I don't think she really acquiesced. But she didn't object? She didn't say the words objection, no. She did point out very much to the court that that was not ground set forth in the motion to suppress. The state is entitled to a fair hearing. They have to know what evidence they're supposed to elicit. And that's the reason that this case fell the way it did. Had she known ahead of time that there was going to be... Well, does it have to be specifically alleged? Can the defendant just raise a Miranda question and that all issues pertaining to Miranda are on the table for the motion? I'm asking, I'm not... I think the defendant, at least to some extent, argued in his brief that that is the case. No, I think you have to give fair notice to the state and the court as to what specifically is the purpose of the motion to suppress or the reasons for suppression. Because there are so many reasons that can be alleged. So if the defendant filed a motion to say, I move to suppress based upon Miranda, just based upon Miranda, that the state would then have to object because it's not specific enough or would that encompass all of the issues pertaining to Miranda? Well, I would think it's not specific enough because there's... you don't know if they're saying Miranda wasn't given, if there wasn't a valid... or if there was coercion or... there are so many issues, sub-issues that can be encompassed in that the state doesn't have fair notice. Doesn't all that go to explain why the state, at the trial level, ought to make its position clear and object to proceedings or arguments being made which are beyond the scope of the motion that's been presented? Or, in Justice Sterner's example, say, Judge, we don't know what's at issue here, so how are we supposed to prepare to respond? And object to having any hearing at all or move to strike it in advance? Or something? And doesn't the absence of doing that forfeit this issue on appeal? No, she wasn't silent when this came out. She said this was not alleged in the motion to suppress. This is unfair. And if you're going to go ahead and let this guy get away with it, then at least give me the opportunity to recall daily. But the court seemed like he was going to entertain this, so she could, I guess, stand her position and not recall daily, but then you have to make that judgment call. Oh, the circumstances here are very much in favor of both understanding and waiver. And this guy has been around the block a long time. He's a drug dealer. I mean, he's had three drug convictions. He knows what he's doing. He's 32 years old. He seems to be reasonably intelligent, and when he's confronted with the evidence that they're uncovering here in the House, he tells them it's mine. It belongs to me. My mom, or my dad and my grandmother have nothing to do with this. Are there any other questions? Was all this about his prior criminal activity presented to the trial court? He testified about it. At the hearing on the motion to suppress? Yes. About this stuff in particular? He said that he had a couple of drug convictions. Yeah, he said he had been arrested in 2000 and 2002 and charged with in McLean County for possession of cannabis and in Macon County for manufacturer delivery of cannabis. Was this on direct examination? No, I think this was on cross. And then the prosecutor asked him if he knew what his rights were under Miranda, and he said, yeah. When they've been given to me I know. Well, the court found they were given to him. So, he knows what he was waiting. Thank you. Thank you. You'll have rebuttal. Please proceed. I actually defended Mr. Legrome during the hearing, and I was listening to Your Honor's questions, so if you have any other questions, obviously I was there.  Well, I Why did the motion? The motion was on the ground, Your Honor, that Mr. Legrome was not given Miranda rights. By that, including another ground, would go against Well, when the evidence showed he was given the Miranda rights, did you just then say, well, okay? Or did you present a different argument? Well, we didn't say okay, but the way Here's the issue, Your Honor. Under the due process clause, that issue cannot be waived, meaning the issue of whether the waiver was given and was it understood and voluntary. It's always under 725 ILCS 5 slash 114-11, specifically either under Section G and Section 8. The issue is always voluntariness. There's always a two-pronged issue, no matter what the defendant raises in his motion. The state's burden always must show when they present and they want to overcome the burden of preponderance during the hearing. They have to show that Miranda was given, even if the defendant alleges that it was not. They have to show that the waiver was understood and voluntary. And the voluntariness is the word in the statute. So it's not like the state didn't know that that is their burden. It's always their burden, even when the defendant argues that it was not given. And so they know what their witness is going to say. Are you equating voluntariness with Miranda warnings? Am I equating? Yes. No, I'm saying... Aren't these two entirely different concepts? Can someone have been given and waived the Miranda warnings and still argue in court find that his statement was not voluntarily given and vice versa? Correct, of course. So then what is the basis of your argument that 114-11 somehow encompasses Miranda warnings? That's a voluntariness basis. Well, because our Supreme Courts in Bernasco, even in Tompkins, said that the first thing that must be shown by the state is there's two prongs in order for the burden to shift. First, that Miranda was given. Whether or not, here's the issue, whether or not the defendant made a statement or did not make a statement. The state still has the burden to show that Miranda was given and that it was given. 114-11 was part of the Code of Criminal Procedure before Miranda was enacted or promulgated by the Supreme Court of the United States. It deals with involuntary statements alone. Whether or not Miranda was given and properly waived is an issue which arises pursuant to the Supreme Court of the United States doctrine. It's not a statutory matter. Which evolved from the due process in the 14th Amendment. According to the United States Supreme Court. And our Supreme Court. Well, this is an interesting academic argument, counsel, but it doesn't address at all your claim. We'll put the state on notice that your claim is that the defendant was not asked whether or not he waived his rights. And that's the reason why his waiver of Miranda warnings, as the state alleges, was ineffectual. Well, your honor, even in the case that counsel relies on, it says, even if the state establishes that Miranda was given free of coercion, standing alone is not sufficient to demonstrate a valid waiver. They say the state must make the additional showing that the defendant understood or waived his rights. That is fundamental. Even in the case law that the state solely relies on. That is a fundamental issue that the state has the burden, regardless of whether, and that case law also says that it, and the state actually concedes to it in its reply memo. And it says that simply when the record is silent, or when a defendant gives answers, standing alone is not enough. They have the additional burden. Did Verghese change that analysis? No, not at all, your honor. You mean the defendant in Verghese said, yes, I understand my rights? No, the defendant in Verghese did not say that. So then it's no longer a requirement that he say that, is it? No, and I don't argue that he has to say something. I don't say it, I'm not arguing that it has to be verbal. I'm saying that there's got to be something on the record because as the state wrote in their reply Something on the record of what? On page 3, a silent record or from the fact that the defendant made a statement alone through Miranda and Tompkins is not enough. The defendant over there in Tompkins, he read out loud the Miranda warnings. He was written the officer read it to him. Why does that matter? on whether you understood it or not? Because it breaks into Well, there was a dispute in this case The judge found that he had read it to him. The officer didn't read it to him, your honor. The officer verbally, and he admitted to it, he verbally recited to him in such a manner that initially, when he was sitting on the chair, the officer said, you have the right to remain silent at this time. Then there was evidence from the officer that immediately after that, there was no real conversation with the defendant. He left him and he started to search the house. Didn't the judge conclude that the Miranda warnings had been read to the defendant? Right. The basis of the judge's ruling was there was no showing that the defendant said I understand those rights, wasn't there? Right. Doesn't Bergius say that's no longer the law? No. Did anyone cite Bergius including the trial judge at the hearing on the motion to suppress, which was two years after Bergius was decided? No, but Do we have any reason to believe that the judge understood Bergius given his remarks at the hearing? Yes, because he actually, the judge actually took I think at least 10 to 15 minutes, if not longer, off the bench and went in the back and did his legal research and came back and I presented to him a case law that I believe came after Bergius where the defendants and the state actually cites them in a string cite where a defendant made some type of an affirmative gesture or that the record was not silent. Was there an affirmative gesture in Bergius? There was an affirmative gesture when after everything that happened in Bergius, including the fact that Three hours of silence? Well, it's not only the three hours of silence. It's the fact that it was shown the defendant understood initially what he was reading. The state showed that he understood the English language and understood what it was. Is there any evidence in this case your client didn't understand the English language? There is no such evidence. However, there was an evidence that the record was silent as to him truly understanding or acknowledging the Miranda rights. Back to what you need to say in your motion to suppress. If your motion to suppress says Miranda warnings weren't given and it proceeds as in this case, I've got a couple priors. I know my rights when they're given to me. The judge decides or is going to conclude that they've been given. And then you say, oh by the way, my defendant has an IQ of 62. And he has previously been diagnosed as suffering from mental retardation or developmental disability. Then you sit down. If the state doesn't have a witness there without knowing ahead of time that you're going to allege that mental deficiency, why would they be prepared to prove that this adult defendant who's been through the criminal justice system, who participates in conversations with the officer, who hires an attorney and it appears to know what's going on that a defense or he couldn't have possibly voluntarily waived this because no matter if he says he understands it, he can't possibly understand it. What kind of motion to suppress would we then have? Well, I think the situation here is very, very different. Of course it's different. I'm giving you a hypothetical to suggest that if you file a motion to suppress, you don't get to say it wasn't given as Miranda warnings and this encompasses everything that's in the statute, everything that's in every United States Supreme Court case. You just have to sort of understand that I'm going to hold you to prove up every negative that could possibly exist that would be an obstacle to understanding and waiving the Miranda warning. I don't think that's my argument at all, Your Honor. I don't think that that is what I'm attempting to convey to you. You are suggesting that voluntariness and full understanding is a component of the state's case every time you file a motion to suppress, no matter what you say in the motion to suppress. Because that is what our Supreme Court said. That is what the Supreme Court of the United States said. The state actually brings no cases to rebut that argument. The case that I relied on is a Supreme Court case from Illinois, Northleaf, that has not been reversed. It is in the same exact posture as it was back in 1963 and it says, How can you say it hasn't been reversed when Berger stands for the proposition explicitly page 2261 of the Supreme Court Reporter an express statement by the defendant that he understands his Miranda rights and waives them is not required. Period. There is no footnotes attached to that statement. It's a different issue. I think counsel, His Honor is brought the issue of forfeiture and Your Honor is talking about the issue of voluntariness. You're arguing to us this is a Supreme Court of Illinois case interpreting U.S. Supreme Court doctrine. Miranda is a U.S. Supreme Court construct. And Berger explains let me say it again, an express statement by the defendant that he understands his Miranda rights and waives them is not required said the U.S. Supreme Court two years ago. The last word by that court on its construct. Now how is it that we should be concerned about earlier decisions that may be inconsistent with that statement of the U.S. Supreme Court? First of all, we're adhering to the Illinois Supreme Court more than the U.S. Supreme Court. And I'd agree with you if the Illinois Supreme Court had since Berger addressed this and explained my own joke. We don't care what the U.S. Supreme Court says. What matters is what the Illinois Supreme Court said the U.S. Supreme Court said. Has the Illinois Supreme Court addressed Berger since it was rendered in 2010 to explain the statement that I just quoted? I'm sure since 2010 when Berger was ruled on, there has been plenty of challenges to the Miranda warnings in a motion to suppress. I ask my questions advisedly, counsel. My question was specifically, has the Illinois Supreme Court addressed this issue since Berger was ruled on? I don't think that specifically, well I don't know if specifically on that issue there has been a ruling. However, if you look at Berger Is that a yes or is that a no? I don't know. Okay, so you don't know that the Supreme Court has addressed it? I don't think so. Is there any reason then to think that Berger, as I just quoted, isn't the last word in this subject? Well, it may be, but the court in Berger also said there must be some conduct indicating, that's from Berger indicating that the defendant understood his rights. There's got to be some conduct. They don't say it has to be verbal, it has to be some conduct. That's from Berger. I'm not making it up or I'm not taking it from cases prior to Berger. I'm saying that that's what Berger said. It says that the state has and the state quoted it in their brief. They agree. Berger did not do away with some conduct that must be shown that a waiver was no way. What was the conduct of the defendant in Berger that is absent here? If I may? Go ahead. Sure. Other than sitting silent for three hours. That was a distinction from Berger in this case? It was read to him out loud. What was his conduct? He read it. So he read it? Right. The officer made sure that Tompkins could read. He concluded that he could read and understood English. He then read it to him out loud and asked him to sign the form and he said that he understood his rights. Who said? The officer? No. Berger or Tompkins. And he refused to sign the form. It was a verbal affirmation that he understood his rights and refused to sign the form. And that is a remarkably different situation from our case. In addition, we cannot forget that this is a manifest weight, against the manifest weight of the evidence. I think the judge applied the law absolutely correctly. That's the question I also asked Ms. Ambrose. What is the standard of review here? The standard of review as the state concedes is against the manifest weight of the evidence. Is that on the historical facts or is that on the ultimate conclusion to be drawn? It's on all the facts. What case says that? It's our Supreme Court case of Reed and then our Supreme Court of Bernasco. A reviewing court analysis is limited to whether the circuit court's finding was against the manifest weight of the evidence. In addition, in Bernasco, a reviewing court must be conscious of its responsibility to show deference to the finding of a trial court that has assessed the credibility, demeanor, and relevant facts. The appellate court does not sit to reweigh the evidence as if it were the trial court itself. Well, that counsel, that's a different question than the one you raised. We have been dealing for several years now with a bifurcated review system whereby the Illinois Supreme Court has said what you just said with regard to the historical facts as found by the trial court. But how courts of review de novo what it all means? That is, whether these facts constitute a basis for finding that Miranda was properly given and waived or finding that evidence should be suppressed. None of the cases in Illinois that I have found... You're not familiar with the bifurcated standard of review in these cases? I quoted it in my brief. Of course I am. De novo, but if the judge applies the correct law to the facts that he found, then a de novo review is not necessary. If the law... Counsel, that's not the question. The question is not whether it's necessary. The question is whether it applies. We have to be deferential on the fact finding in this case, but then the question is, isn't our review de novo on what it all means? The ultimate review if the judge made... if your honors find that the judge made a mistake under the manifest weight of the evidence, then... No, we don't. Let's assume we don't. We have no problems with the findings of historical fact. Then I don't believe that it moves to the next step of a de novo review. So there's no such thing as bifurcated review, then? If we agree with the historical facts, then we are deferential as well, your argument is, with regard to what it all means on whether the law was correctly applied? Unless the judge made a mistake in analyzing the law to the historical facts. And in deciding whether he made a mistake, is that deferential or de novo on applying the law? On applying the law, I believe it is de novo, your honors. I don't think that the judge has made a mistake in applying the law here. I think he applied it as even though he did not cite the Burgess, he applied the law So then you're backing off from the argument you made eight minutes ago that this is a deferential standard of review? Not at all. Not at all. It's a two, like you said, it's a bifurcated, it's a two level step. The first level is whether or not the judge the judge's finding of facts was against the manifest point of the evidence. It's always the first step. And if he didn't, and you have to give him great deference, then those facts remain. And then you'll look and see if he applied those facts to the law correctly. If he applies those facts to the law correctly, it's not a de novo, the question is over. Because if the law is correct and the facts are correct, then there is no de novo review after that. If the cases that the state cited, and the cases even Burgess, they never reach the de novo review because the actual law was applied correctly. So there is no de novo review. It's a review against the manifest weight of the evidence. I could not find any cases in Illinois talking about a de novo review. They all talk about the manifest weight of the evidence. None of them speak of the de novo review. Counsel, you're out of time. Thank you for your argument. Rebuttal, please. There are situations where you can have a motion to suppress and the state would not have to or could not possibly approve that the defendant made an understanding waiver of Miranda. What if you have a situation where there's a volunteered statement or the person, Miranda, was not required. The person wasn't in custody or there wasn't interrogation. That's not an implicit part of every motion to suppress. So the state does have to be put on notice what they have to rebut and prove. He said that in Burgess there was testimony, direct testimony, that the defendant said he understood. From my reading of it the officer, it was Helbert, Detective Helbert, provided conflicting testimony about whether he even orally asked the defendant if he understood his rights. So I don't think there was an explicit statement in that case. And in this one the circumstances are even stronger that there was an understanding and that there was a waiver because you don't have the three hours of silence and the fact that the defendant says, yeah, I know what my rights are when I'm given them. The court said there was absolutely no evidence of understanding or waiver and it just simply overlooked evidence in the version that was before it. And there was no indication that it was applying Burgess. When defense counsel said that I cited the older standard in my reply brief, I was distinguishing his case. On page three of my reply brief, I'm referring to the case that he cited in Brown where they're talking about you can't have a waiver from a silent record and then on page four I said that Burgess represents a change in controlling law. Mr. Przeski had real difficulty answering my question whether the Illinois Supreme Court has addressed this issue since Burgess was decided. It's my impression it has not. Can you give me a better answer? I didn't find it. There were other court cases that I sure didn't want. Maybe my research was faulty. Are there any other questions? Thank you.